PUJALS, APPELLANT, v. THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Humacao.

No. 166.—Decided January 20, 1914.

COMMUNITY PROPERTY—DATE OF ACQUISITION.—In determining whether or not a property is community property, the date of its acquisition and not that of its record in the registry will govern.

ID.—RECORD OF TITLE.—When a property is recorded in the registry by virtue of possessory title proceedings from which it is shown to have been acquired more than 14 years before and it is shown by a death certificate presented in the registry that the husband of the possessor had been dead about 14 years, it is impossible to determine from said documents whether the husband was dead at the time of the acquisition, or, therefore, whether the person in whose name the property is recorded is authorized to alienate the same as her private property.

The facts are stated in the opinion.

*Messrs. Aponte & Aponte* for appellant.

Mr. Miguel Planellas, the registrar, filed a brief *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

The first registry of a certain rural property situated in the ward of Río of the Municipal District of Naguabo, made by the Registrar of Property of Humacao on December 21, 1898, was in the admission to record of possessory title proceedings wherein Andrea Núñez, widow of Pujals, had proved before the Municipal Court of Naguabo her possession of the said property which she had acquired by purchase more than 14 years previously. The record of possession was converted into a record of ownership later.

Subsequently, or on August 28, 1913, Andrea Núñez, then a widow, sold the said property to María Pujals Núñez, and the deed of sale having been presented in the registry of property for record, accompanied by a certificate showing that José Pujals, the husband of Andrea Núñez, died on September 1, 1884, the registrar refused to admit the same to record for the reasons set forth in the following decision from which the present appeal was taken:

"The admission to record of this document, which has been presented anew, is refused because it cannot be determined whether the property sold is the exclusive property of the vendor; for although it appears from the registry that she recorded it in her name in 1898, when she was a widow, it appears also that she acquired it for a valuable consideration more than fourteen years prior to the year 1898, or before 1884, in which year her husband, José Pujals, died, as is shown by the accompanying death certificate. In lieu thereof a cautionary notice is entered for the 120 days provided for by law, in volume 9 of Naguabo, folio 104, property No. 462, record A. Humacao, December 5, 1913. The Registrar, Miguel Planellas."

As the registrar must base his decision on what is shown in the documents presented to him and in the records of the registry, when the certificate of the death of the husband of the person in whose name the property sold is recorded was presented with the deed of sale, he was obliged to take into consideration the facts stated therein.

According to a certificate issued by the Registrar of Property of Humacao, the first record of said property, made on December 21, 1898, had its origin in possessory title proceedings brought before the Municipal Court of Naguabo by Andrea Núñez, then a widow, according to which she was in possession of the said property on account of having acquired it by purchase more than 14 years before, and, as that entry does not show whether the said Andrea Núñez was already a widow at the time she acquired the property, it was necessary that her civil status on that date be proven to the registrar so that he might determine the legal character of said property and consequently her capacity to dispose of it as her own property. The legal character of an acquisition of property is determined from the date on which it was acquired and not from the date on which it was recorded. Therefore, as it was not shown in the registry whether Andrea Núñez was a widow when she acquired possession of the property by purchase, any third person wishing to contract with her regarding said property was bound to assure himself first whether she was already a widow at the time she made the purchase more than 14 years before the prosecution of the possessory title proceedings, because, if she was then married her acquisition for a valuable consideration carried the presumption that it was conjugal partnership property and she alone could not dispose of it as her own private property.

Now, as it appears from the document accompanying the deed that the husband of Andrea Núñez died on September 1, 1884, or 14 years before the recording of the possessory title, this appears to show that she was still married when she acquired the property, for which reason the respondent registrar was right in assigning as a reason for his refusal to admit the deed of sale to record that it could not be determined whether the property belonged exclusively to the vendor.

The decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.